IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:06CV15-V

| | |
|---|---|
| LARRY TURNER,<br>　　　Plaintiff,<br><br>　　　vs.<br><br>CUSTOM RETAIL SERVICES, INC.,<br>　　　Defendant. | **O R D E R** |

**THIS MATTER** is before the Court on Plaintiff's Motion To Remand, filed February 24, 2006. (Document #7) Defendant filed its responsive brief on March 10, 2006. (Document #8)

Plaintiff's civil action alleges violations of the North Carolina Retaliatory Employment Discrimination Act ("REDA"), N.C. Gen. Stat. §95-240, *et seq*. Plaintiff commenced the action in the North Carolina General Court of Justice, Catawba County Superior Court. (*See* "Larry Turner v. Custom Retail Services, Inc." / 05 CVS 3954 ) (Pl.'s Mot., ¶1)

On January 26, 2006, Defendant removed this civil action from the Catawba County Superior Court based upon diversity of citizenship. According to the Defendant, at the time of removal, based upon the face of the Complaint, it was reasonable to conclude that Plaintiff's potential recovery, including attorneys' fees and compensatory damages, exceeded $75,000.00. (Def.'s Resp., ¶3)

Complete diversity of citizenship is not at issue. Rather, Plaintiff contends that the amount of controversy requirement is not satisfied, thereby depriving this court of subject matter jurisdiction. 28 U.S.C. §1332. (Pl.'s Mot., ¶¶10, 11) Since the removal of this action pursuant to 28 U.S.C. §1447, Plaintiff has made affirmative representations, in both the state and federal forums, that, should he prevail, Plaintiff does not seek damages in excess

1

of $70,000.00. For instance, in his affidavit, Plaintiff avers: "I seek compensation, special damages, compensatory damages, treble damages, attorney fees, lost wages, and benefits, in all forms, not to exceed $70,000, exclusive of interest and costs."[1] (Pl.'s Exh.B) Similarly, Plaintiff provides a copy of a "Statement Of Monetary Relief Sought And Claim For Relief" filed in state court . (*See* , C.A. No.: 05CVS 3954) (Pl.'s Exh. C) Additionally, Plaintiff explains or clarifies that any monetary award he might recover would be subject to an offset by interim unemployment compensation benefits he has already received since his separation from Defendant's employ. (Pl.'s Mot., ¶¶9-10)

Based on Plaintiff's unequivocal representations with respect to the amount in controversy, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Remand is **GRANTED** and this matter hereby **REMANDED** to the Catawba County Superior Court for further disposition.

**IT IS FURTHER ORDERED** that the Deputy Clerk forward a copy of this Order to the parties, counsel, and the Clerk of Court for the Catawba County Superior Court.

Signed: May 25, 2006

Richard L. Voorhees
Chief United States District Judge

---

[1] Although treble damages are available under REDA if Plaintiff is able to demonstrate a willful violation of the statute, Plaintiff has considered that possibility in calculating the amount of controversy.

[2] Defendant does not oppose Plaintiff's motion as long as Plaintiff is estopped from claiming damages in excess of $70,000.00 should he prevail.

2